GERRITS, Appellant, v. BLOW and others, Respondents.

*March 6—April 7, 1959.*

116

118

For the appellant there was a brief and oral argument by *E. W. Hooker* of Waupun.

For the respondents the cause was submitted on the brief of *John P. McGalloway, Sr.,* of Fond du Lac.

FAIRCHILD, J. The answer alleged that Miss Gerrits agreed and consented to the northward extension of the party wall. The affidavits made it plain that there was no agreement nor consent.

Miss Gerrits' affidavit denied that she had discussed the plans to extend the wall, that she was acquainted with the plans, and that she knew of the construction until it was nearly completed.

The most that was shown for defendants. was that Blow and Miss Gerrits had a conversation about defendants' desire to vacate the alley and Miss Gerrits consented to that. Blow gave her a "word picture" of his plans, apparently for the purpose of explaining his request about the alley. Except as the "extension" of the wall would imply that the extension would be on her land because the old wall is there, she was given no information that the wall would rest upon her land or shut off the rear entrance.

As to acquiescence on her part in the construction, her affidavit asserted that she did not know of the construction until it was nearly completed. Blow countered only with the assertions that the work was done in plain sight; that Miss Gerrits lived in Waupun and was up and around; and that Waupun is a small community.

After resolving any conflicts in the affidavits by assuming the truth of the facts stated by Blow, we conclude that such facts would not support a finding that Miss Gerrits knowingly acquiesced in the construction or maintained silence under circumstances where her silence would mislead Blow into doing that which he would not have done but for such silence.

The Blows have asserted that the encroaching canopy at the front is a benefit to the Gerrits building. That may be true, but it is not a defense.

Judgment should have been granted.

The complaint asked, in addition to judgment for possession and removal of encroachments, that defendants be required to remove that portion of the new addition blocking the entrance to the rear stairway so that plaintiff may have access. To the extent that this prayer asks removal of the

structure from any part of defendants' land, plaintiff has failed to prove facts which would be a basis for judgment. The extent of the rights of the two owners to use each other's property north of the 85-foot strip is not spelled out in the party-wall agreement and would depend upon implications from the construction of a rear stairway and rear entrance and upon facts as to the use or abandonment of the rear stairway and entrance, some of which are in dispute. Accordingly, the judgment should not include a requirement that defendants make any part of their land available to plaintiff's use for access to the rear entrance.

The judgment will, of course, be subject to sec. 275.29, Stats., permitting a defendant, upon certain conditions, to elect to purchase the land upon which a building encroaches. Plaintiff's counsel, on oral argument, suggested that this election will be available to defendants.

*By the Court.*—Order reversed, cause remanded for entry of judgment for plaintiff consistent with the opinion filed herein.